# EXHIBIT A

## SUMMONS

| | | |
|---|---|---|
| Attorney(s) | Aaron A. Mitchell, Esquire | **Superior Court of New Jersey** |
| Office Address | Law Offices of Cohen and Howard, LLP | |
| | 766 Shrewsbury Ave., Suite 200 | |
| Town, State, Zip Code | Tinton Falls, NJ 07724 | Mercer COUNTY |
| Telephone Number | (732) 747-5202 | Law DIVISION |
| Attorney(s) for Plaintiff | New Jersey Back and Neck Institut | |
| | | Docket No: MER-I-0773-18 |

NEW JERSEY NECK AND BACK INSTITUTE

    Plaintiff(s)

## CIVIL ACTION SUMMONS

Vs.

HIGHMARK BLUE CROSS BLUE SHIELD, JOHN AND JANE DOES 1-10 AND ABC CORPORATIONS 1-10

    Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M Smith
Clerk of the Superior Court

DATED: 04/27/2018

Name of Defendant to Be Served: Highmark Blue Cross Blue Shield

Address of Defendant to Be Served: 120 Fifth Avenue, Pittsburgh, Pennsylvania 15222

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Cohen & Howard, LLP
Aaron A. Mitchell, Esquire (I.D. #039782008)
766 Shrewsbury Avenue, Suite 200
Tinton Falls, New Jersey 07724
Attorneys for Plaintiff
(732)-747-5202 tel
(732) 747-5259 fax

-------------------------------------------------- X

NEW JERSEY NECK AND BACK
INSTITUTE,

        Plaintiff,

vs.

HIGHMARK BLUE CROSS BLUE SHIELD,
JOHN AND JANE DOES 1-10 and ABC
CORPORATIONS 1-10,

        Defendants.

-------------------------------------------------- X

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MERCER COUNTY

DOCKET NO.:

CIVIL ACTION

**COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL**

      Plaintiff New Jersey Neck and Back Institute, PC, by and through its attorneys, Cohen & Howard, LLP and as and for its Complaint against Defendants Capital Health Systems, John and Jane Does 1-10 and ABC Corporations 1-10, says:

### THE PARTIES

    1.    Plaintiff New Jersey Neck and Back Institute, PC (hereinafter referred to as "NJNBI" and "Plaintiff") with a business address of 3131 Princeton Pike in the Township of Lawrenceville, County of Mercer and State of New Jersey, is now and was at all times relevant to this action, a company organized and operating under the Law of the State of New Jersey, providing healthcare services.

    2.    Upon information and belief, at all relevant times, Defendant Highmark Blue Cross Blue Shield (hereinafter referred to as "Highmark") was a corporation whose headquarters

are located at 120 Fifth Avenue, Pittsburgh, Pennsylvania, which conducted and continues to conduct significant business in the State of New Jersey.

3. At all times relevant, upon information and belief, fictitious Defendants John and Jane Does 1 through 10 and ABC Corporations 1 through 10, are yet to be identified entities who directly and proximately caused damages to Plaintiff.

### JURISDICTION AND VENUE

4. Plaintiff's office is located in Mercer County, New Jersey and all medical services, which are the subject matter of this action, were rendered in Mercer County, New Jersey.

5. Patient "RV", herein identified only by his Highmark Identification Number YYM120444208001 (hereinafter referred to as the "Patient"), received medical benefits through Highmark.

6. At all relevant times, the Patient lived in Montgomery County, Pennsylvania.

7. Plaintiff is proceeding on its own individual claims concerning medical services provided to the Patient.

8. This matter is properly venued in State Court. None of Plaintiff's claims, as detailed infra, are governed by federal law, including the Employee Retirement Income Security Act ("ERISA"). See, Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F. 3d 393, 403-4 (3d Cir. 2004). (medical provider's claims not preempted by ERISA where (1) the medical provider's claims arose from a contract independent of the ERISA plan; (2) the patients were not parties to the contract between the provider and insurer; and (3) the dispute was limited to the amount of the payment, not the right to be paid.)

9. The amount in controversy is in excess of $86,000.00.

10. For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

## FACTUAL BACKGROUND

11. This dispute arises out of the Defendant's refusal to pay Plaintiff the money to which Plaintiff is entitled for providing necessary medical services to the Patient.

12. At all relevant times, Plaintiff was a non-participating or out-of-network provider that rendered medically-necessary services to the Patient.

13. Patient was diagnosed with a herniated nucleus polyposis at C8-7 with left upper extremity radiculopathy and surgery was recommended.

14. Prior to performing the surgery, which is the subject matter of this Complaint, Plaintiff's office contacted Highmark for prior authorization for the different and distinct procedures to be performed during the surgery. Plaintiff received authorization from Highmark approving the rendering of surgical services to the patient under authorization number #6787146.

15. On July 8, 2014, Dr. LaRocca performed several corrective procedures including anterior diskectomy at C8-7, anterior arthrodesis at C8-7 and placement of a PEEK Interbody spacer at C8-7.

16. Plaintiff provided pre-authorized medically-necessary surgery to the Patient on July 8, 2014 at Capital Health System in Pennington, NJ.

17. Sandro LaRocca, M.D. is a Board Certified Orthopedic Surgeon, who is licensed to practice in the State of New Jersey, who is employed or contracted by the Plaintiff.

18. Plaintiff billed Defendant Highmark for the medically-necessary surgery a total of $90,125.00.

19. The total billed charges of $90,125.00 for this medically-necessary treatment represents normal and reasonable charges for the complex procedures performed by a Board Certified General Surgeon practicing in New Jersey.

20. Defendant Highmark paid a total of $3,266.72 toward these reasonable charges, leaving a balance due on this bill of $86,858.28.

21. While Defendant was aware that Plaintiff was an out-of-network provider, Defendant never disclosed that it did not intent to pay for said services. To the contrary, Defendant induced Plaintiff to provide the medical services with the explicit knowledge that Defendant never intended to pay the amounts they were obligated to pay.

## FIRST COUNT
### (Breach of Contract)

22. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "21" of this Complaint with the same force and effect as if fully set forth herein at length.

23. Plaintiff hereby alleges that an implied in-fact contract has been created through Defendant's course of conduct and interaction with Plaintiff.

24. By authorizing the surgery, Defendant agreed to pay the fair and reasonable rates for the medical services provided by Plaintiff and Plaintiff performed said services based upon those terms.

25. This implied contract indicated that Plaintiff would be paid by Defendant a fair and reasonable amount for the highly-skilled services provided by the Plaintiff.

26. However, Plaintiff was paid only a fraction -- $3,266.72 -- of the fair and reasonable amount of $90,125.00 for the highly-skilled services provided to the Patient.

27. Plaintiff has suffered significant damages as a result of Defendant's actions.

-4-

28. As a direct result of Defendant's breach of the Contract, Plaintiff has been damaged in an amount to be determined at trial, but not less than $86,858.28, plus interest, costs, and attorneys' fees.

## SECOND COUNT
### (Promissory Estoppel)

29. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "28" of this Complaint with the same force and effect as if fully set forth herein at length.

30. By providing a pre-surgery authorization to Plaintiff, Defendant promised that Plaintiff would be paid for its services at a fair and reasonable rate.

31. Plaintiff relied upon this promise to its detriment by spending valuable time, resources, and energy in providing medical services to the Patient.

32. As a direct result of Defendant's refusal to pay Plaintiff the fair and reasonable value for the services Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in an amount to be determined at trial, but not less than $86,858.28, plus interest, costs, and attorneys' fees.

## THIRD COUNT
### (Account Stated)

33. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "32" of this Complaint with the same force and effect as if fully set forth herein at length.

34. After providing the medical services, which were authorized by Defendant, Plaintiff submitted bills and requests for payment to Defendant in the sum total of $90,125.00.

35. To date, Defendant has acknowledged receipt of the bills, and has paid a small portion, $3,266.72, of the invoices, but has not objected, in any manner to the billed amounts, including, but not limited to, the amount billed or to the services provided.

36. Plaintiff has suffered significant damages as a result of Defendant's actions.

37. As a direct result of Defendant's refusal to pay Plaintiff for the medical services provided and billed to Defendant, who acknowledged receipt without objection, Plaintiff has been damaged in an amount to be determined at trial, but not less than $86,858.28, plus interest, costs, and attorneys' fees.

## FOURTH COUNT
### (Fraudulent Inducement)

38. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "37" of this Complaint with the same force and effect as if fully set forth herein at length.

39. By providing a pre-surgery authorization to Plaintiff, Defendant induced Plaintiff to provide the medical services requested by the Patient.

40. Inherent in the authorization was the promise to pay Plaintiff the fair and reasonable value for the services provided.

41. Relying upon this promise to pay by Defendant, Plaintiff provided the necessary medical services requested by the Patient.

42. Unbeknownst to Plaintiff, Defendant never intended to pay the Plaintiff the fair and reasonable value for the medical services provided, instead inducing Plaintiff to provide the medical services with the intent to pay Plaintiff less than 4% of the fair and reasonable value of the medical services provided, Plaintiff would have elected not to provide the services.

43. Plaintiff has suffered significant damages as a result of Defendant's actions.

44. As a direct result of Defendant's refusal to pay Plaintiff the fair and reasonable value for the services, which Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in an amount to be determined at trial, but not less than $86,858.28, plus interest, costs, and attorneys' fees.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendants:

1. As and for its first cause of action, for breach of an implied contract in an amount to be determined at trial, but not less than $86,858.28, along with its reasonable attorneys' fees, interest, costs and expenses; and

2. As and for its second cause of action under the theory of promissory estoppel in an amount to be determined at trial, but not less than $86,858.28, along with its reasonable attorneys' fees, interest, costs and expenses; and

3. As and for its third cause of action for an account stated, in an amount to be determined at trial, but not less than $86,858.28, along with its reasonable attorneys' fees, interest, costs and expenses; and

4. As and for its fourth cause of action for fraudulent inducement in an amount to be determined at trial, but not less than $86,858.28, along with its reasonable attorneys' fees, interest, costs and expenses; and

5. Along with such other and further relief to plaintiff as this Court deems just, fair, and proper.

### JURY DEMAND

Pursuant to R. 4:35-1, plaintiff hereby demands a trial by jury as to all counts.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Aaron A. Mitchell, Esquire is hereby designated as trial counsel.

## CERTIFICATION

I hereby certify that pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding related to claims arising from medical services provided from plaintiff to the patient. No such action or arbitration proceeding is contemplated by Plaintiff at this time.

LAW OFFICES OF COHEN & HOWARD, L.L.P.
Attorneys for Plaintiff

BY: _____
Aaron A. Mitchell, Esquire

Dated: April 13, 2018

MER L 000773-18   04/14/2018 5:09:29 AM   Pg 1 of 1   Trans ID: LCV2018655129

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON           NJ 08650-0068

COURT TELEPHONE NO. (609) 571-4490
COURT HOURS  8:30 AM - 4:30 PM

TRACK ASSIGNMENT NOTICE

DATE:   APRIL 13, 2018
RE:     NEW JERSEY NECK AND BACK INSTITUTE VS HIGHMARK
DOCKET: MER L -000773 18

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON KAY WALCOTT-HENDERSON

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    008
AT:  (609) 571-4456.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: LESLIE S. HOWARD
COHEN & HOWARD, LLP
766 SHREWSBURY AVE
TINTON FALLS     NJ 07724

JUWTOUZ